569 A.2d 975

**Pennie A. EACHES, Appellant,**

**v.**

**Kenneth STEIGERWALT.**

**COMMONWEALTH of Pennsylvania**

**v.**

**Eric ORTIZ.**

**Appeal of Zoraida ACEVEDO.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1990.

Filed Feb. 15, 1990.

Keylee L. Swalm, Allentown, for appellants.

Before DEL SOLE, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

The instant cases have been consolidated on appeal as they each contain the identical controlling issue. This Court will address them together, after first setting forth their individual procedural histories.

### Eaches v. Steigerwalt

On November 10, 1987, appellant Pennie Eaches filed a petition for relief pursuant to the Protection From Abuse Act[1] against Kenneth Steigerwalt. Although required to do so by the Act, appellant did not file an affidavit stating she did not have funds available to pay the costs of filing and service.[2] Notwithstanding this defect, appellant's petition was accepted for filing and service without payment of the $40.50 filing fee, in what appellant claims was routine practice at the time in Lehigh County for persons seeking to

---

1. Act of October 7, 1976, P.L. 1090, No. 218, § 1 *et seq.*, 35 Pa.S. § 10181 *et seq.*

2. 35 Pa.S. § 10184(b), as amended June 23, 1978, P.L. 513, No. 81, § 1; April 20, 1988, P.L. 355, No. 56, § 3.

proceed in forma pauperis in protection from abuse actions.[3]
Following an *ex parte* hearing the same day, the court
entered a temporary Order directing Steigerwalt to refrain
from abusing, harassing or threatening appellant, and eject-
ing him from her premises.  A full hearing was scheduled
for November 17, 1987, and personal service of the tempo-
rary Order and notice of hearing was made on appellant by
the Lehigh County sheriff on November 12, 1987.  Appel-
lant did not appear for the scheduled final hearing Novem-
ber 17, 1987, and her counsel requested a continuance,
which was granted, extending the hearing and the tempo-
rary Order until November 24, 1987.  Appellant again did
not appear on November 24, 1987, and her counsel request-
ed the matter be dismissed; accordingly, the court entered a
verbal Order dismissing appellant's petition under the Pro-
tection From Abuse Act.

On December 10, 1987, the court entered a written Order
dismissing appellant's petition, and further ordering any
unpaid filing fees and sheriff's costs be paid by Lehigh
Valley Legal Services, Inc., appellant's counsel.  Following
counsel's motion to reconsider, the court entered a new
Order on January 6, 1988, directing any fees and costs be
paid by appellant.

### *Commonwealth v. Ortiz; Appeal of Acevedo*

On December 8, 1987, appellant Zoraida Acevedo filed a
petition for relief under the Protection from Abuse Act
against her husband, Eric Ortiz, without payment of costs,
on the basis of her averment in the petition itself that she
did not have the funds available to pay the costs of filing
and service.  Nonetheless, as with appellant Eaches, the
petition was accepted for filing and service without pay-
ment of the $40.50 filing fee.  Following an *ex parte*
hearing on the same day, the court entered a temporary
Order against Ortiz, directing him to refrain from abusing,

3. Instead appellant averred in the petition itself she was unemployed,
   receiving public assistance in the amount of $450 per month, and did
   not have the funds available to pay filing or service costs.

harassing or threatening appellant, and ejecting him from her premises. A full hearing was scheduled for December 15, 1987, and personal service of the temporary Order and notice of hearing was made on appellant by the Lehigh County sheriff on December 11, 1987. On December 13, 1987, the Allentown police, at appellant's request, executed a criminal complaint for indirect criminal contempt before a district justice, alleging Ortiz violated the temporary Order. Following a series of continuances, the final hearing was entered against Ortiz, and he was sentenced for criminal contempt, based upon his guilty plea. On February 7, 1988, a second criminal complaint for indirect criminal contempt was executed before a district justice against Ortiz. Ortiz was arrested and arraigned on February 7, 1988, and given personal, verbal notification of the contempt hearing scheduled for February 11, 1988.

Neither appellant nor Ortiz appeared at that hearing, whereupon the court dismissed the complaint, directing costs be paid by appellant. On February 22, 1988, appellant filed a motion to reconsider averring neither she nor her counsel had received notice of the February 11, 1988 hearing, and requesting any fees and costs be imposed on Ortiz, who also did not appear at the February 11 hearing. On March 10, the court entered an Order directing that costs be borne equally by appellant and Ortiz.

## DISCUSSION

The instant cases present this Court with a single issue: may costs be assessed against a litigant for failure to appear at a protection from abuse hearing, where the litigant's very failure to appear precludes the court from holding a hearing to determine the litigant's ability to pay? We agree with the thorough and well-reasoned analysis of the hearing court, and "find that the law, equity, as well as policy considerations, including the efficiency of judicial administration, each require a 'yes' answer to the question presented." (Slip Op., Gardner, J., 9/14/89, p. 13.)

It need not be stated at great length, for it is patently evident, how the failure of appellants to appear for their hearings needlessly burdened the judicial system, and as a result, tax payers, making repayment of a portion of these costs appropriate. "In these days of burgeoning case loads and systemic delays, it is a shameful waste of a precious and limited judicial resource—that is, time—to demand and reserve a slot of judicial time, to the exclusion of other litigants, and then fail to keep the appointment." (Slip Op. at 14.)

In the absence of any specific statutory mandate to the contrary, and as we have discovered no case law in support of appellants' position, we find the court acted within its discretion in imposing costs upon appellants for failing to pursue the litigation they instituted, both in the cases at bar and as a general matter of justice.

We must note the distinction being made in this case, for which purpose we again cite with approval the Opinion of the hearing court:

Penalizing a complainant by imposition of costs for *failing to pursue* her action in an appropriate fashion should not be confused with the separate concept of excusing an indigent complainant from payment of the filing and service costs necessary to *institute* the action. The former imposes costs; the latter excuses costs. The former penalizes and deters complainant for failing to act appropriately as a litigant; the latter benefits her. The former is in the discretion of the court; the latter is obligatory upon the court if complainant sustains her burden of establishing her entitlement thereto. Finally, as we have seen, the former is based upon general statutory language, equitable principles and appellate authority, none of which requires a hearing. The latter is based upon a specific section of the Protection From Abuse Act, which requires a hearing.

The Protection From Abuse Act was enacted in 1976 and amended in 1978 and 1988. The 1978 amendment to section 10184(b) of the act was in effect at the time

complainants failed to appear for their hearings on November 24, 1987 and February 11, 1988, respectively. At those times, this section provided as follows:

> (b) If the plaintiff files an affidavit stating that he or she does not have funds available to pay the costs of filing and service, the petition shall be filed and service shall be made without payment of costs and leave of court to proceed in forma pauperis shall not be required. When the petition is filed without payment of costs, the court shall determine at the hearing on the petition if the plaintiff is indigent. If the court finds that the plaintiff is not indigent the court may order the plaintiff to pay the court costs.

This indigency hearing requirement never comes into play under the facts of the two cases before this court. Because we proceeded to assess costs in these matters under the costs-as-penalty concept, not under section 10184(b), no hearing was required to ascertain complainants' ability to pay. Indeed, if such a hearing were required as a prerequisite for the imposition of costs in this situation, a court could never penalize a complainant for failing to appear at a hearing, because no hearing could be held on this issue in her absence.

(Slip Op. at pp. 18–20; emphasis in original; footnotes omitted.)

As we find the court properly imposed costs against appellants, an application of section 10184(b) of the Protection From Abuse Act prior to assessing costs was unnecessary, and this Court need not discuss further that aspect of appellants' claim.

This Court is not unsympathetic to the plight of complainants who are victims of abuse, have limited financial resources and, as appellants argue, are fearful or lack the continuing courage to pursue legal actions they have instituted. However, such sympathy for one group of persons does not outweigh our concern for the judicial system as a whole, nor does it stir within us the desire to encumber the courts with additional processes unimagined by the legisla-

21

ture in enacting the Protection From Abuse Act. Appellants had the option whether to institute protection proceedings, which they did without costs. That they later chose not to go forward was also their option, and the court's imposition of a portion of the costs incurred was neither paradoxical nor an abuse of discretion.

Orders affirmed.